UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PETER EDWARDS AND TAMMY EDWARDS** § | § | **CIVIL ACTION NO.:** |
| Plaintiffs | § | |
| **VERSUS** | § | **SECTION** _____ |
| | § | |
| **FEDNAT INSURANCE COMPANY** | § | **MAG** _____ |
| Defendant | § | |

### NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes Defendant, **FedNat Insurance Company ("FedNat")** and files this Notice of Removal of this cause from the 24th Judicial District Court for the Parish of Jefferson, Suit No. 831-015, Division H, entitled, "*Peter Edwards and Tammy Edwards v. FedNat Insurance Company,*" to the United States District Court, Eastern District of Louisiana, pursuant to 28 U.S.C. § 1441, et seq., and in support thereof, states as follows:

1.

FedNat is a defendant in the instant civil action brought in the 24th Judicial District Court for the Parish of Jefferson, Suit No. 831-015, Division H, entitled, "*Peter Edwards and Tammy Edwards v. FedNat Insurance Company.* Copies of all documents from the suit record at the 24th Judicial District Court are attached hereto as Exhibit "A" and supplemented when documents become available.

2.

This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by the defendant pursuant to the provisions

of 28 U.S.C. § 1441(B), in that it is a civil action between citizens of different states which meets the jurisdictional threshold relative to the amount in controversy, all as set forth below.

## **DIVERSITY**

3.

As set forth in the Petition for Damages, plaintiffs, Peter Edwards and Tammy Edward, are adults domiciled in the Parish of Jefferson Parish, Louisiana. (See Petition, introductory paragraph page 1). Accordingly, plaintiffs are deemed citizens of the State of Louisiana for federal diversity purposes.

4.

As set forth in the Petition for Damages, defendant, FedNat, is a foreign insurance company authorized and licensed and to do and doing business in the State of Louisiana. FedNat is, in fact, incorporated in, and has its principal place of business in, Sunrise, Florida, and is therefore a citizen of Florida for purposes of federal diversity jurisdiction. It is neither incorporated in, nor has its principal place of business in the State of Louisiana.

5.

Complete diversity exists between the plaintiffs and the sole defendant.

## **JURISDICTIONAL AMOUNT IN CONTROVERSY**

6.

The allegations and claims asserted in this matter arise out of a homeowner's insurance claim involving property owned by the plaintiff in Jefferson Parish that was allegedly damaged by Hurricane Ida. The damages alleged by plaintiffs exceed the jurisdictional minimum of $75,000.00.

7.

Plaintiff seeks recovery under a policy of insurance covering the residence at 616 Trudeau Drive, Metairie, Louisiana 70003. The policy contains certain restrictions, conditions, exclusions and other contractual terms, which are all expressly reserved herein and incorporated by reference.

8.

Plaintiffs allege that, following Hurricane Ida, FedNat failed to properly adjust their claims which have given rise to damages, invoking breach of contract claims for uncompensated property damage and loss of use. Plaintiffs have also sought damages for alleged "bad faith" and other extra-contractual remedies exposing the defendant to statutory penalties and attorney fees pursuant to La. R.S. 22:1892 and 22:1973. Plaintiffs have further sought recovery for ongoing "consequential and tort damages, including loss of use, mental anguish and emotional distress, additional property damages and other damages that will be shown at trial…" (See Petition at paragraphs 14-15).

9.

The Fifth Circuit has held that where the plaintiffs' petition fails to specify the amount in controversy, such as the case at hand, the Court may conclude that removal is proper if it is facially apparent that the claims are likely above the $75,000.00 threshold for diversity jurisdiction. *Menendez v. Wal-Mart Stores, Inc.,* 364 Fed. Appx. 62, 66-67 (5th Cir. 2010). On the other hand, if it is not facially apparent that the claims are likely above $75,000.00, the removing party may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id.* The defendant may rely on summary judgment-type

evidence, including affidavits and demands made by plaintiffs, to prove the amount in controversy. *See Luckett v. Delta Airlines, Inc.,* 171 F.3D 295 (5TH Cir. 1999).

10.

Specifically, plaintiffs provided a letter and an adjuster's report dated February 1, 2022 which outlined the contractual losses claimed to date indicating that more claimed damages would be forthcoming. (See Exhibit B). This base claim (before including contents ALE, alleged statutory penalties, fees, mental anguish and other damages set forth in the Petition) was $52,752.76.

11.

The claims for extra-contractual damages, mental anguish, other consequential damages, must be considered as well, along with "allegations seeking recovery for bad faith penalties and fees for the purpose of determining whether the amount in controversy requirement is satisfied." *Nunnery v. 21st Century Centennial Ins. Co.*, 2018 U.S. Dist. LEXIS 212883, at *9 (M.D. La. Nov. 15, 2018). When these amounts are considered per the relevant statutes and law, the total amount in controversy clearly exceeds the $75,000 jurisdictional amount.

## COMPLIANCE WITH REMOVAL REQUIREMENTS

12.

Plaintiffs served their Petition on "FedNat Insurance Company" via the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana. Said service was received by FedNat on August 23, 2022. Accordingly, this Notice of Removal is being filed within thirty (30) days after the receipt by the defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

13.

The defendant represents that promptly upon filing of this Notice of Removal, it will give written notice thereof to the plaintiffs and shall file a copy of the Notice of Removal with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, wherein said state court action is now pending. A copy of said notice is attached hereto as Exhibit "C".

14.

A list of all parties and attorneys to this proceeding and Corporate Disclosure on behalf of FedNat are being filed herein as well.

**WHEREFORE**, Defendant, **FedNat Insurance Company**, respectfully prays that the above referenced matter now pending in the 24th Judicial District Court for the Parish of Jefferson, Suit No. 831-015, Division H, entitled, "*Peter Edwards and Tammy Edwards v. FedNat Insurance Company,*" be removed and proceed in this Court as an action properly removed and to serve the interests of justice.

Respectfully submitted:

**BARRY & COMPANY, LLC**

 /s/ Daphne P. McNutt
STEPHEN R. BARRY (#21465)
*A Professional Law Corporation*
DAPHNE P. MCNUTT (#20292)
W. BRIGGS SCOTT (#36013)
612 Gravier Street
New Orleans, Louisiana
Tel: (504) 525-5553
Email: sbarry@barrylawco.com
Email : dmcnutt@barrylawco.com
Email: bscott@barrylawco.com
***Attorneys for FedNat Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system or by electronic mail, facsimile and/or United States Mail, postage prepaid.

                                         */s/ Daphne P. McNutt*
                                         DAPHNE P. MCNUTT